# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MANUEL METLOCK, <br><br> Petitioner, <br><br> v. <br><br> RANDY PFISTER, Warden, Stateville Correctional Center,[1] <br><br> Respondent. | No. 15 C 6157 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Petitioner Manuel Metlock is serving a 50-year sentence for felony murder. Metlock now challenges his state-court conviction by filing a petition pursuant to 28 U.S.C. § 2254 (the "Petition"). For the reasons stated below, I am denying the Petition and declining to issue a certificate of appealability.

## BACKGROUND

Metlock was convicted in the Circuit Court of Cook County of felony murder predicated on attempted armed robbery for his role in a shooting that injured Relando Clark and killed Loroxon Brown. Metlock was sentenced to a prison term of fifty years. *See People v. Metlock*, No. 1-04-3268 (Ill. App. Ct. 2007). Metlock appealed, arguing that:

> (1) the trial court erred in denying the defense request for a jury instruction on self-defense;
>
> (2) trial counsel was ineffective for failing to request a jury instruction on attempted theft;

---

[1] Although the case was originally filed against Nicholas Lamb, Randy Pfister has been named the Warden at Stateville Correctional Center, where Metlock is confined, and is therefore substituted as respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. Civ. P. 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

1

> (3) the trial court violated his right to present a defense by allowing the State to dismiss intentional and knowing murder charges, thereby preventing him from presenting a defense of self-defense or from arguing that he was guilty only of second degree murder;
>
> (4) the State engaged in prosecutorial misconduct by making unfairly prejudicial comments during closing and rebuttal arguments; and
>
> (5) he was denied a fair trial when the State was allowed to introduce evidence about Yakeeta Little's statement to police, her statement to a prosecutor, and her grand jury testimony.

The state appellate court affirmed, determining that it would not address the second claim because it was better left for postconviction proceedings at which Petitioner could make a record about his role in the decisions regarding jury instructions.

Metlock's ensuing petition for leave to appeal ("PLA") to the Illinois Supreme Court presented two issues:

> (1) the trial court violated his constitutional rights to due process and to present a defense by allowing the State to dismiss the intentional and knowing murder charges, thereby preventing him from presenting a defense of self-defense or arguing that he was guilty only of second degree murder; and
>
> (2) the State engaged in prosecutorial misconduct by making unfairly prejudicial comments during closing and rebuttal arguments.

The Illinois Supreme Court denied the PLA on May 31, 2007. Metlock did not seek a writ of certiorari in the Supreme Court.

On October 9, 2007, Metlock filed a pro se postconviction petition, which claimed that:

> (1) his due process and equal protection rights were violated because he was tried in violation of the Speedy Trial Act (725 ILCS 5/103-5);
>
> (2) trial counsel was ineffective for:

> (a) failing to demand a speedy trial even though petitioner told him repeatedly to do so,
>
> (b) coercing Metlock into not speaking up to demand a speedy trial himself,
>
> (c) failing to investigate Brown's cell phone records,
>
> (d) failing to investigate and present evidence at trial about the large amount of money and drugs on Brown's person,
>
> (e) failing to cross-examine State witness Cortez Brown, Clark, and Metlock to uncover favorable evidence,
>
> (f) failing to request a jury instruction on attempted theft as a lesser-included offense of attempted armed robbery, and
>
> (g) failing to interview or call Manuel Donegan and Terry Metlock as witnesses at trial;
>
> (3) appellate counsel was ineffective for:
>
>> (a) failing to argue that Metlock's speedy trial right was violated, and
>>
>> (b) failing to argue that trial counsel was ineffective for failing to demand a speedy trial;
>
> (4) his due process and equal protection rights were violated because there was insufficient evidence of his guilt of felony murder predicated on attempted armed robbery;
>
> (5) his rights to due process and a fair trial were violated because the prosecution knowingly used the perjured testimony of Little before the grand jury and by Little and Clark at trial and argued facts during closing arguments that it knew to be false; and
>
> (6) his rights to due process, a fair trial, and equal protection were violated because the indictment did not list the elements of the offense or name the victim of the attempted armed robbery.

Metlock's postconviction counsel later filed a supplemental petition that asserted the following additional claims:

> (1) trial counsel was ineffective for failing to object to the prosecution's misdescription of testimony during closing argument related to the attempted armed robbery and for omitting the claim from the posttrial motion; and
>
> (2) appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to object to the misdescriptions during closing argument.

The trial court dismissed the postconviction petition. *People v. Metlock*, No. 01 CR 2948 (Cir. Ct. Cook Cnty. 2012)).

On appeal, Metlock filed a counseled brief that only reasserted his claim that trial counsel was ineffective for failing to request a jury instruction on attempted theft. Metlock later filed a pro se motion for leave to file a supplemental brief; the appellate court denied his motion because counsel had already filed an opening brief on his behalf. *People v. Metlock*, No. 1-12-1874 (Ill. App. Ct. 2013)). The unfiled supplemental brief contained the following proposed claims:

> (1) appellate counsel was ineffective for failing to argue that
>
>> (a) trial counsel was ineffective for failing to object to the prosecutor's misdescription of testimony during closing argument,
>>
>> (b) the indictment was deficient because it did not list the elements of the offense or name the victim of the attempted armed robbery,
>>
>> (c) there was insufficient evidence of Metlock's guilt for felony murder predicated on attempted armed robbery,
>>
>> (d) the prosecution knowingly used the perjured testimony of Little before the grand jury and at trial, and
>>
>> (e) Metlock's speedy trial rights were violated;
>
> (2) trial counsel was ineffective for failing to

4

> (a) object to the prosecutor's misdescription during closing argument, and
>
> (b) demand a speedy trial;
>
> (3) the indictment was deficient because it did not list the elements of the offense or name the victim of the attempted armed robbery;
>
> (4) Metlock's due process rights were violated because there was insufficient evidence of his guilt of felony murder predicated on attempted armed robbery;
>
> (5) the prosecution knowingly used the perjured testimony of Little before the grand jury and at trial; and
>
> (6) Metlock's speedy trial rights were violated.

Addressing the claim in the counseled brief, the state appellate court affirmed, holding that neither *Strickland* prong was shown regarding trial counsel's failure to request a jury instruction on attempted theft because the instruction was not available as a matter of law. *People v. Metlock*, No. 1-12-1874 (Ill. App. Ct. 2014)).

Metlock filed a pro se PLA; counsel filed a motion to withdraw it so Metlock could file a petition for rehearing in the appellate court, and the Illinois Supreme Court granted that motion. *People v. Metlock*, No. 118442 (Ill. 2014)). Metlock's subsequent postconviction appeal PLA asserted several claims:

> (1) trial counsel was ineffective for failing to
>
> > (a) request a jury instruction on attempted theft,
> >
> > (b) object to, or note in the posttrial motion, the prosecution's misdescription of testimony during closing argument,
> >
> > (c) object to the indictment's failure to list the elements of the offense or name the victim of the attempted armed robbery, and
> >
> > (d) demand a speedy trial;

5

(2) appellate counsel was ineffective for failing to argue on direct appeal that

> (a) trial counsel was ineffective for failing to object to the prosecution's misdescription of testimony during closing argument,
>
> (b) the indictment failed to list the elements of the offense or name the victim of the attempted armed robbery,
>
> (c) there was insufficient evidence of felony murder, and
>
> (d) the prosecution knowingly used perjured testimony before the grand jury and at trial;

(3) the prosecution misdescribed testimony during closing argument;

(4) Metlock's due process and equal protection rights were violated because the indictment failed to name the elements of the offense or the victim of the attempted armed robbery;

(5) there was insufficient evidence of felony murder;

(6) the prosecution knowingly used perjured testimony before the grand jury and at trial;

(7) Metlock's due process and equal protection rights were violated because he was denied his right to a speedy trial; and

(8) the trial court erred in dismissing his postconviction petition in contradiction with the direct appeal appellate order, which held that attempted theft was an available jury instruction in this case.

On May 27, 2015, the Illinois Supreme Court denied the PLA.

Metlock's present habeas corpus petition raises several claims:

> (1) appellate counsel was ineffective for failing to argue on direct appeal that
>
>> (a) there was insufficient evidence of felony murder predicated on attempted armed robbery; and

6

> (b) trial counsel was ineffective for failing to object to the prosecution's misdescription of testimony during closing argument;

(2) trial counsel was ineffective for

> (a) failing to object to the prosecution's misdescription of testimony during closing argument;
>
> (b) failing to demand a speedy trial;
>
> (c) coercing petitioner to not assert his speedy trial rights; and
>
> (d) not requesting a jury instruction on attempted theft;

(3) Metlock's due process rights were violated because there was insufficient evidence of felony murder predicated on attempted armed robbery; and

(4) Metlock's due process rights were violated because the indictment failed to list the elements of the offense or name the victim of the attempted armed robbery.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a). Violations of state law are noncognizable on federal habeas review unless these violations themselves infringe upon the petitioner's federal rights. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

To obtain relief, a petitioner must show that the state court's proceedings either

7

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). Under this deferential standard, the Court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). "[C]learly established Federal law" under section 2254(d)(1) "consists of 'the holdings, as opposed to the dicta,'" of the Supreme Court's cases. *Wong v. Smith,* 131 S.Ct. 10, 11 (2010) (quoting *Williams,* 529 U.S. at 412). A state court decision is contrary to federal law if the state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant U.S. Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). The Court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from U.S. Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). The state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* This is a difficult standard to meet: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011). To obtain relief, a habeas petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786–87.

Before a district court can consider a petitioner's claims, the petitioner must "exhaust[ ]

the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In other words, a petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009) (alteration in original) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). This means that a petitioner must give state courts an opportunity to resolve his constitutional claims "by invoking one complete round of the state's established appellate review process." *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). To do so, a petitioner must "present both the operative facts and the legal principles that control each claim" at each level of state review. *Stevens v. McBride*, 489 F.3d 883, 894 (7th Cir. 2007) (citation omitted). This includes presenting the claim in a petition for discretionary review with the Illinois Supreme Court, *Boerckel*, 526 U.S. at 845–47. "[W]hen a petitioner has exhausted his state court remedies and failed to properly assert his federal claims at each level of review those claims are procedurally defaulted." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). "A procedural default also occurs when a state court disposes of a claim on an independent and adequate state law ground." *Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir. 2008) (citing *Coleman v. Thompson,* 501 U.S. 722, 730 (1991)). Procedural default precludes federal court review of a petitioner's habeas claim. *Johnson,* 559 F.3d at 752.

A petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice caused by the alleged violation of federal law, or by showing that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). Cause sufficient to excuse a procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from

9

pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice in this context "means an error which so infected the entire trial that the resulting conviction violates due process." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (citation omitted). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Coleman*, 501 U.S. at 748 (quoting *Murray*, 477 U.S. at 496).

## DISCUSSION

Issues raised in state court must be submitted for "one complete round" of the state appellate review process to be considered in the habeas forum. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round in Illinois includes two tiers of appellate review, up to and including the filing of a PLA in the Illinois Supreme Court. *Id. Boerckel*'s "one complete round" requirement applies to postconviction proceedings as well as direct appeals. *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999). It is not enough to give state courts a mere "opportunity," in the loosest sense of that word, to review the merits. Rather, a petitioner must give the state courts a "full and fair" opportunity to address the merits within "the State's established appellate review process." *Boerckel*, 526 U.S. at 845. "Fair" presentment is more than *mere* presentment, for it requires petitioners to supply the relevant facts, law, and prayer for relief in a vehicle that fits the state's normal structure for claim review. A claim is not fairly presented if state judges must explore the record or otherwise "read beyond a petition or a brief" to find it. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

With the exception of claim 2(d), all of Metlock's claims are procedurally defaulted. None of these claims were raised during direct appeal, and they were not included in Metlock's counseled brief in the state appellate court during his postconviction appeal. Although Metlock

10

sought leave to file a supplemental pro se brief that included all of these claims, the appellate court denied his motion because Metlock's counsel had already filed a brief on his behalf over two months earlier. As a result, the claims are procedurally defaulted, either because they were not fairly presented to the state appellate court or because they were rejected on an independent and adequate state law ground.

When a state court resolves a federal claim by relying on a state law ground that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010). To be adequate, the finding must be based on a firmly established and regularly followed state practice. *Miranda v. Leibach*, 394 F.3d 984, 992 (7th Cir. 2005). And a state law ground is "independent" when the court invoked a state procedural rule as a separate basis for its decision to deny relief, even if the state court also reached the merits in an alternate holding. *Morris v. Hardy*, No. 10 C 1957, 2011 WL 3420498, at *11 (N.D. Ill. Aug. 4, 2011).

The state procedural rule against hybrid representation (i.e., filing pro se documents while represented by counsel), is an independent and adequate state law ground barring federal habeas review. *Frazier v. Acevedo*, No. 11 C 7484, 2015 WL 4506717, at *6-*7 (N.D. Ill. July 23, 2015); *Harvey v. Lemke*, No. 13-1362, 2014 WL 2598843, at *3 (C.D. Ill. June 10, 2014); *Galvez v. Hardy*, No. 11 C 6994, 2012 WL 588809, at *3-*4 (N.D. Ill. Feb. 22, 2012); *Cumbee v. Hardy*, No. 11 C 50118, 2012 WL 138647, at *2 (N.D. Ill. Jan. 18, 2012).

Unlike some decisions that have expressed reluctance to enforce an independent and adequate state procedural bar in these circumstances because the summary orders denying leave to file did not explain the basis for their rejection, *see, e.g., Parker v. Chandler*, No. 09 C 4231, 2011 WL 221834, at *8 (N.D. Ill. Jan. 23, 2011); *Duncan v. Hathaway*, 740 F. Supp. 2d 940, 947

(N.D. Ill. 2010), here, the appellate court's order explicitly cited counsel's prior filing of a brief as the basis for denying Metlock leave to file his pro se supplemental brief.

The question is not whether the state courts could have considered petitioner's pro se pleadings, but whether their refusal to do so here was in compliance with a recognized state rule. In other words, even though some Illinois courts have allowed such supplemental filings — typically in capital cases, *see People v. Barrow*, 749 N.E.2d 892, 913 (Ill. 2001) — Illinois's rule against hybrid representation is still an adequate ground. *Walker v. Martin*, 131 S. Ct. 1120, 1128 (2011) (state rule can be firmly established and regularly followed, "even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others") (internal quotation marks omitted); *Beard v. Kindler*, 130 S. Ct. 612, 618 (2009) ("[A] discretionary state procedural rule can serve as an adequate ground to bar federal habeas review."); *see also Miranda v. Leibach*, 394 F.3d 984, 995 (7th Cir. 2005) (a rule need not be strictly followed in order for it to constitute an adequate ground for state court's decision). The state appellate court's explained refusal to file Metlock's pro se supplemental brief thus precludes habeas review of Claims 1(a) – (b), 2(a) – (c), 3, and 4. *See Harris v. Reed*, 489 U.S. 255, 261 (1989) (if State enforces its procedural rules and deems claim forfeited, then federal review is barred).

Metlock may excuse his defaults if he demonstrates either cause and prejudice or a "fundamental miscarriage of justice." *House v. Bell*, 547 U.S. 518, 536 (2006); *see generally Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Metlock has not demonstrated, or even asserted, any cause to excuse his defaults, nor has he cited new evidence demonstrating that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Thus, the defaults described above must be enforced. *Lee v. Foster*, 750 F.3d 687, 694

(7th Cir. 2014); *Crockett v. Hulick*, 542 F.3d 1183, 1193 (7th Cir. 2008).

Metlock's only claim that is not procedurally defaulted, claim 2(d), is meritless because the Illinois Appellate Court reasonably applied *Strickland v. Washington*. Metlock alleges that his trial counsel was ineffective for failing to request a jury instruction on attempted theft as a lesser-included offense of attempted armed robbery. The Illinois Appellate Court reasonably rejected this argument on the merits. Metlock raised the claim during his postconviction appeal, and the Illinois Appellate Court was the last court to consider it, rejecting it on the merits. That court outlined the proper principles from *Strickland v. Washington*, 466 U.S. 668 (1984), for evaluating an ineffective assistance of counsel claim, so its analysis is not "contrary to" *Strickland*, *see Allen v. Chandler*, 555 F.3d 596, 601 (7th Cir. 2009).

Furthermore, the state court reasonably applied *Strickland* to the facts of Metlock's case. *Strickland* requires a defendant to show that (1) counsel's performance fell below the objective standard of reasonable representation under the circumstances; and (2) there is a reasonable probability that, but for counsel's errors, the proceeding would have had a different result. 466 U.S. at 688, 690, 694. And on habeas review, under § 2254(d),

> [t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. . . . A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011); *see also Bell v. Cone*, 535 U.S. 685, 698-99 (2002). In other words, habeas review of an ineffectiveness claim is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011).

Under these standards, the Illinois Appellate Court reasonably held that Metlock had established neither deficient performance nor prejudice. The court held that the attempted theft

13

instruction "was not available" to Metlock as a matter of Illinois law. Accordingly, the state court rejected the ineffective assistance claim on a purely state-law basis, *i.e.*, that counsel could not have been ineffective for failing to request the instruction for attempted theft because, under state law, it was not available. A federal court cannot grant habeas relief for an ineffective assistance claim that a state court has rejected based on an application of state law. *Huusko v. Jenkins*, 556 F.3d 633, 635-37 (7th Cir. 2009) (habeas relief inappropriate because state court rejected claim alleging trial counsel was ineffective for failing to call witness due to conflict of interest on grounds that no conflict existed under Wisconsin law); *Earls v. McCaughtry*, 379 F.3d 489, 495 (7th Cir. 2004) (improper for habeas court to second-guess state court determination that trial counsel was not ineffective for failing to object to testimony because it was admissible under Wisconsin law); *Navarro v. Atchison*, 69 F. Supp. 3d 810, 828 (N.D. Ill. 2014) (habeas court bound by state court finding that trial counsel was not ineffective for failing to challenge evidence that it found was admissible under Illinois law).

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a habeas petitioner "must make a substantial showing of the denial of a constitutional right" by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted); *see also* 28 U.S.C. § 2253(c)(2). When a claim is resolved on procedural grounds, a district court can grant a certificate of appealability "only when the proverbial reasonable jurist

14

would find both the district court's procedural decision and the merits of the claim debatable." *Peterson v. Douma*, 751 F.3d 524, 530–31 (7th Cir. 2014).

All of Metlock's claims are either procedurally defaulted or meritless. Nothing in the record suggests that reasonable jurists would debate the outcome of the Petition or find a reason to encourage Metlock to proceed further. Accordingly, I decline to issue Metlock a certificate of appealability.

## CONCLUSION

Metlock's petition for a writ of habeas corpus is denied, and I am declining to issue a certificate of appealability.

ENTER:

*[signature: James B. Zagel]*

James B. Zagel
United States District Judge

DATE: May 3, 2016